# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**  Case No.: 8:15-cr-00463-SDM-TGW-3

v.

**CHRISTIAN OMAR ROBLES VILLATORO**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, the undersigned counsel, on behalf of the Defendant, **CHRISTIAN OMAR ROBLES VILLATORO**, and files this, his sentencing memorandum which details, requests for mitigation, a § 3553(a) analysis, and miscellaneous issues; and in support states as follows:

**I. GENERAL FACTUAL BACKGROUND**

In 2015, returned a two-count indictment while abroad a vessel subject to the jurisdiction of the United States, the defendants while abroad a vessel subject to the jurisdiction of the United States, the defendants did knowingly and willfully combine, conspire and agree with each other and persons known and unknown to the Grand Jury to possess with the Intent to Distribute five kilogram or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, all in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. §960(b)(1)(B)(ii).

Count Two charges that on or about November 3, 2015, the defendants while aiding and abetting each other and other persons for Possession with the

Intent to Distribute five kilogram or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, all in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 18 U.S.C. § 2, and 21 U.S.C. §960(b)(1)(B)(ii).

A. Legal Analysis for Sentencing

In light of *United States v. Booker*, 543 U.S. 220 (2005) and *Gall v. United States*, 128 S.Ct. 586 (2007), the Defendant respectfully suggests this Honorable Court follow a three-step sentencing process in order to reach a reasonable, but not greater than necessary, sentence:

1. Determine the applicable advisory guideline range.

2. Determine whether, pursuant to the Sentencing Commission's

policy statements, any departures from the advisory guideline range apply.

3. Determine the appropriate sentence in light of the factors set

forth in Title 18 U.S.C. Section 3553(a)(1)(3-7), each of which are to be considered with equal weight by the Court as it gives to the advisory federal guidelines.

B. The Effect of '*Booker*' and '*Gall*'

1. The Federal Sentencing Guidelines were deemed unconstitutional, their mandatory nature had judges, not juries, finding facts that enhance sentences.

2. The Supreme Court ruled this conflicted with the Sixth Amendment jury right of a defendant.

3. As a result, the Federal Sentencing Guidelines are now advisory rather than mandatory in nature.

4. However, despite the Supreme Court in '*Booker'* and '*Gall'* reminding all federal district court judges that sentencing requires individual attention to each defendant, little has changed in sentencing according to the statistics on the Sentencing Commission's website.

a. Justice Stevens in a concurring opinion stated: "I am not blind to the fact that, as a practical matter, many federal judges continue to treat the Guidelines as virtually mandatory after our decision in Booker." *Rita v. United States*, 551 U.S. 338 (2007).

5. The Supreme Court recognized in 2008 and 2009 that lower courts are still placing too much weight and emphasis on the advisory federal sentencing guidelines. In *Spears v. United States*, 2009 WL 129044 (Jan. 21, 2008), the Court emphasized that lower courts are in no way bound to apply the sentencing guidelines, and can impose a sentence lower than the guidelines even if that sentence is based solely on the district judge's disagreement with them:

"Even when a particular defendant . . . presents no special mitigating circumstances - no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation - a sentencing court may nonetheless vary downward from the advisory guideline range . . . The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines . . .".

6. The Supreme Court did not stop with the above critique however, in a later decision, *Nelson v. United States*, 2009 WL 160585 (Jan. 26, 2009), it reversed the Fourth Circuit for affirming a within the guidelines sentence because of the district court's statements at the sentencing hearing that "the guidelines are considered presumptively reasonable" and that "unless there's a good reason in the 3553(a) factors . . . the guideline sentence is the reasonable sentence."

a. The Supreme Court explained in *Nelson*: "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guideline range. Under our recent precedents, that constitutes error."

## III. 18 U.S.C. § 3553 - Mitigation

A. The Defendant submits that a sentence of 5 months is sufficient but not greater than necessary to comply with the purposes of the Sentencing Reform Act as set forth in 18 U.S.C. Section 3553(a).

B. Now that the guidelines are advisory, the Court is free to utilize 18 U.S.C. Section 3553(a)(1), (3)-(7) in fashioning a reasonable sentence for the Defendant. These sections require that the sentence of a federal defendant reflect:

1. The nature and circumstances of the offense and the history and characteristics of the defendant; and,

2. The need for the sentence imposed:

a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

b. to afford adequate deterrence to criminal conduct;

c. to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. The kinds of sentences available; and

4. The need to avoid unwarranted sentencing disparity among defendants with similar records and similar crimes; and

5. The need to provide restitution to any victims of the offense.

2. *The history and characteristics of the defendant.*

a. The Defendant is 33-years old, and has rehabilitated.

b. The Defendant has strong ties to his family and a good support system to rely on in the future. (See attached letters of support).

c. The Defendant has a need for the education program available.

3. The need to avoid unwarranted sentence disparities among similar defendants who have been found guilty.

d. The PSR indicates a sentence at low end of 10 months. The defense feels a reasonable sentence would be the application of 5 months.

## IV. PURPOSE OF SENTENCING

Section 3553(a)(2) lists four purposes of sentencing, which can be summarized as:

(A) just punishment;

(B) deterrence;

(C) protection of the public; and

(D) rehabilitation.

**Just Punishment and Deterrence (A)&(B)**

The Defendant is anxious to put this matter behind him and to get on with his dedicated aim in life. The sentence in this case should be the minimum necessary to accomplish the listed purposes, and certainly not greater than necessary. *See* §3553(a); *see also generally* ABA STANDARDS OF CRIMINAL JUSTICE § 18-2.4 (sentences "imposed, taking into account the gravity of the offense, should be no more than necessary to achieve the social purposes for which they are authorized"). Sentencing under Section 3553(a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as necessary to comply with the purposes of Section 3553(a). In this case, there is no need to impose an extensive sentence of incarceration when a moderate sentence would meet all the purposes of sentencing. Each of the purposes listed by Section 3553(a)(2) would be achieved by such a sentence.

**Protection of the Public (C)**

Mr. Villatoro has limited knowledge of the organization that hired him. He was not involved in the planning of this trip. He had no proprietary interest in the drugs. He was hired to be a mariner on a go-fast transporting drugs. The offenses carries a minimum mandatory sentence; as not only does the 'Safety Valve' application

apply in this case, any sentence that the court deems reasonable, and sufficient but not greater than necessary, is appropriate.

**Rehabilitation (D)**

Mr. Villatoro sincerely regrets his decisions that led him to be a part of this case. His biggest regret is that his error will take him away for his family. He understands that he must account for his actions, but justice would be best serve with a low end guideline sentence. The Defendant has realized his error, for rehabilitation is evidenced by the assistance provided authorities in preparation to testify against his co-conspirators.

**V. APPLICABLE ADJUSTMENTS**

A. Advisory Guidelines

1. The advisory guideline offense level calculates to a Base Offense Level, for this Court's consideration, is a Level of 38. (§ 2D1.1(3)).

2. This Defendant certainly befits the criteria of the 'Safety Valve' as written: Defendant has a criminal history score of 0. So he falls into the criminal history category of 1; Defendant is not violent; Defendant had no aggravating role in the offense, and the Defendant is in full co-operation with authorities. (See: § 5C1.2(a)(1-5) & PSR 27, page 6).

3. Defendant should be held accountable for a Base Offense Level of Level 38, as per Count One. (§ 2D1.1(c)(1) - equivalancy of 459 kgs cocaine).

4. With a reduction, for the full amount of reduction for Acceptance of Responsibility, minus 3 levels. (§ 3E1.1(a)&(b)).

5. This Defendant certainly befits the criteria of the 'Safety Valve' as written, therefore minus 2 levels. (§ 2D1.1(b)(16).

6. The advisory range for this offense, as calculated above is 135 to 168 months.

**VI. REQUESTS FOR RECOMMENDATIONS**

At sentencing, the Defendant will respectfully request that he be housed in

FCI Coleman in Sumterville, FL.

1. Further, the Defendant respectfully requests that this Court state on the record the reasons why it is making said recommendation.

a. The Bureau of Prisons welcomes judicial recommendations (see *BOP Program Statement 5100.07*) and by statute it is required to consider them. 18 U.S.C. Section 3621(a)(4)(B). Specifically, an institution in the above area would be preferable because:

a. Bureau statistics show that it honors judicial recommendations in the overwhelming majority of cases in which a defendant qualifies for a particular recommended institution if there are reasons on the record to support such a designation.

## CONCLUSION

WHEREFORE, the Defendant, **CHRISTIAN OMAR ROBLES VILLATORO**, through his undersigned counsel, prays this Honorable Court will grant the requested relief and/or any other relief deemed necessary and appropriate.

RESPECTFULLY SUBMITTED,

/s/Cynthia Hernandez Soukkala
CYNTHIA HERNANDEZ SOUKKALA, ESQ.
Florida Bar No. 010422
400 N. Ashley Dr., St. 2600
Tampa, FL 33602
 (813) 841-2933
 (813)864-6735 Fax
cjhernandezlaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 19th day of June 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to the following electronic mail address:

James Preston, Esq.
Assistant United States Attorney